22CA2236 Peo v Melendez-Gonzales 04-24-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 22CA2236
Arapahoe County District Court No. 20CR282
Honorable Darren L. Vahle, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Marlon Abel Melendez-Gonzales,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE DUNN
Tow and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 24, 2025

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Victor T. Owens, Alternate Defense Counsel, Parker, Colorado, for Defendant-Appellant

¶ 1    A jury convicted defendant, Marlon Abel Melendez-Gonzales, of misdemeanor theft, possession of a defaced firearm, and second degree trespass.  He appeals these convictions.  We affirm.

I.    Background

¶ 2    One evening in 2020, a man robbed a woman at gunpoint, taking her bag, cell phone, wallet, and makeup supplies.  The man then fled on foot.

¶ 3    Police responded, and a chase ensued.  Police eventually caught the fleeing man — later identified as Melendez-Gonzales.  In the wake of the chase, police found the victim's cell phone, a bag containing makeup, some clothing, and a loaded handgun with the serial number scratched off.

¶ 4    The prosecution charged Melendez-Gonzales with aggravated robbery, menacing, theft, possession of a defaced firearm, obstructing a peace officer, resisting arrest, second degree criminal trespass, and a crime of violence sentence enhancer.

¶ 5    Early in the case, Melendez-Gonzales failed to appear in court.  After he was arrested and returned to custody, the prosecution filed a motion for non-testimonial identification, requesting buccal swabs

to compare Melendez-Gonzales's DNA to the DNA taken from the recovered handgun and cell phone. The court granted the motion.

¶ 6 Before the swabs could be taken, Melendez-Gonzales bonded out of custody and absconded. Months later, he was arrested and returned to custody. The court set the trial for October 31, 2022, with a speedy trial deadline of December 9, 2022.

¶ 7 In early October 2022, the prosecution renewed its motion for non-testimonial identification. Melendez-Gonzales objected, arguing among other things that the court should deny the motion because the prosecution could have filed it earlier. The court granted the motion, and buccal swabs were collected from Melendez-Gonzales.

¶ 8 Eleven days before trial, the prosecution endorsed an expert in DNA and serology. That same day, Melendez-Gonzales moved for sanctions, asserting that the prosecution's untimely request for buccal swabs and untimely witness endorsement violated Crim. P. 16's thirty-five-day discovery deadline. He requested that the court exclude the DNA evidence from trial as a sanction.

¶ 9 At a hearing the next day, the prosecution explained that Melendez-Gonzales's failure to appear after the court first granted

the motion for the buccal swabs "likely" caused the DNA testing to "f[a]ll off of the radar." The prosecution argued that it did not act in bad faith and that any discovery violation could be remedied by continuing the trial to late November, which would comply with both Rule 16's thirty-five-day discovery deadline and the December 9 speedy trial deadline. Melendez-Gonzales objected to a continuance because he needed the DNA litigation packet to "make an informed decision." The prosecution committed to quickly producing the DNA litigation packet.

¶ 10    By the next hearing, Melendez-Gonzales had received the DNA litigation packet. Declining the offered continuance, Melendez-Gonzales again asked the court to exclude the DNA evidence from trial as a sanction for the untimely disclosure. Considering the request, the court explained:

> I'm struggling to see the foul. If I think that [the prosecution did] that in bad faith to force you into a continuance, then I think I have another issue, but I just don't see that in this case.
>
> . . . .
>
> . . . I have a mistake with regard to testing, and I have a delay in regard to gathering of the DNA from your client, which is partly

attributable to [the prosecution], but it's also partly attributable to your client. There was a[n] order in place to gather the DNA and then he ran and failed to appear for six months. So . . . I'm struggling a little bit. I understand that it's frustrating, and that he is frustrated; he wants his trial.

If you need more time to prepare the evidence, I'll give you more time to prepare the evidence. There are a lot of things we can do here, but . . . what it seems to be, over and over that you're asking I do, is essentially tell them you are not bring[ing] that . . . evidence in because it's a Rule 16 violation, and I don't see it.

. . . .

. . . [The prosecution] did the testing in remarkable speed, and then gave you the results of the testing, like within a day of submitting the thing for the test. I am struggling how I find a Rule 16 violation with regard to that.

After some additional back and forth, the court denied Melendez-Gonzales's request to exclude the DNA evidence.

¶ 11    At trial, the prosecution's DNA expert testified that Melendez-Gonzales's DNA was found on the handgun and was consistent with a partial DNA profile collected from the handgun's magazine.

¶ 12    The jury convicted Melendez-Gonzales of misdemeanor theft, possession of a defaced firearm, and second degree trespass but

4

acquitted him of the remaining charges. The court sentenced him to a total term of eighteen months in jail.

## II. Discussion

¶ 13 Melendez-Gonzales contends that the trial court reversibly erred by refusing to exclude the DNA evidence as a sanction for the prosecution's Rule 16 violation. We disagree.

### A. Applicable Law and Standard of Review

¶ 14 The prosecution must disclose "reports or statements of experts made in connection with the particular case, including results of . . . scientific tests, experiments, or comparisons" and "[a] written list of the names and addresses of the witnesses then known to the district attorney whom he or she intends to call at trial." Crim. P. 16(I)(a)(1)(III), (VII). These disclosures must occur "as soon as practicable but not later than 35 days before trial." Crim. P. 16(I)(b)(3).

¶ 15 If the prosecution fails to comply with the rule, then the trial court may remedy the discovery violation through various sanctions. Crim. P. 16(III)(g). However, the court should impose "the least severe sanction" that ensures "full compliance with the court's discovery orders." *People v. Whittington*, 2024 CO 65, ¶ 20

(quoting *People v. Tippet,* 2023 CO 61, ¶ 37). And "a court should generally avoid excluding evidence as a sanction because exclusion is a drastic remedy that may affect the outcome of the trial, provide a windfall to the party against whom the evidence would have been offered, or otherwise hinder the search for the truth." *Id.*

¶ 16 We review a trial court's resolution of discovery issues and its decision whether to impose sanctions for discovery violations for an abuse of discretion. *People v. Mendez,* 2017 COA 129, ¶ 32. A trial court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, unfair, or when it misapplies the law. *People v. Knisley,* 2022 CO 59, ¶ 21.

B.   The Trial Court's Proposed Sanction Was Appropriate

¶ 17 While the court's ruling is not entirely clear, to the extent the trial court found no Rule 16 violation, the record doesn't support that finding. Indeed, it's undisputed that the prosecution collected the buccal swabs and endorsed its DNA expert outside of Rule 16's deadline. *See* Crim. P. 16(I)(b)(3) (A prosecutor "shall" disclose exculpatory information "not later than 35 days before trial.").

¶ 18 But we can't conclude that the court abused its discretion by denying Melendez-Gonzales's requested discovery sanction. The

6

court properly considered the reasons for the delayed disclosure, the prejudice to Melendez-Gonzales caused by the delay, the actions taken by the prosecution to mitigate any prejudice, and reasonable and less drastic alternatives to excluding the DNA evidence. *See Whittington*, ¶ 17 (listing the factors a court should consider when imposing discovery sanctions). In particular, the court found that although the prosecution was partially to blame for the delay, so too was Melendez-Gonzales because he failed to appear in court for six months after the court had granted the prosecution's initial request for buccal swabs. And the court noted that the prosecution did not act in bad faith and worked quickly to conduct the DNA testing and provide Melendez-Gonzales with the results. With these factors in mind, the court found that a continuance would give Melendez-Gonzales time to review the DNA evidence and therefore remedy the late disclosure while maintaining the speedy trial deadline. That finding is both supported and within the court's discretion.

¶ 19    Still, Melendez-Gonzales maintains that the court should have imposed a harsher sanction. But he doesn't identify any intentional misconduct that warranted a more severe sanction. *See id.* at ¶¶ 22-23 (explaining that excluding evidence is a "severe sanction"

that is generally warranted only when the prosecution has "violated a court order or engaged in intentional misconduct"). Nor does he explain why a continuance was insufficient to remedy any prejudice caused by the prosecution's late disclosure. *See People v. Lee*, 18 P.3d 192, 197 (Colo. 2001) ("[A]ny prejudice resulting from a violation should be cured by a less severe sanction, such as a continuance, whenever possible."). And if a continuance "will cure the prejudice to the defendant" — as it would have here — "the trial court should go no further in crafting a sanction to address a due process violation." *People v. Dist. Ct.*, 808 P.2d 831, 837 (Colo. 1991); *accord Lee*, 18 P.3d at 197-98 (Colo. 2001).

¶ 20    For these reasons, we conclude that the trial court acted well within its discretion by denying Melendez-Gonzales's requested sanction for the Rule 16 violation.

### III.   Disposition

¶ 21    We affirm the judgment.

JUDGE TOW and JUDGE MEIRINK concur.